## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

PAMELA BERMUDEZ,

     Plaintiff,                 CASE NO.

v.

ALLIANCE ONE, INC.,

     Defendant.

_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PAMELA BERMUDEZ ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ALLIANCE ONE, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiff is a natural person who resides in Homestead, Miami-Dade County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in the Trevose, Bucks County, Pennsylvania.

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.      The original creditor of the alleged debt is Target and the approximate amount of the alleged debt is two-hundred dollars ($200.00).

10.      Approximately one (1) month ago, Defendant started constantly and continuously placing collection calls to Plaintiff seeking and demanding payment for the alleged debt.

11.      Defendant contacts Plaintiff from telephone number (866) 385-0297, around eight (8) times a day, every day, seeking and demanding payment for the alleged debt.

12.      Plaintiff tried to make a deal with Defendant regarding the alleged debt however Defendant informed Plaintiff that the deal was not acceptable and that calls will continue until Plaintiff pays the alleged debt.

13.      Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant fails to leave voicemail messages.

14.     Defendant has failed to identify itself as a debt collector in subsequent communications as Defendant will call Plaintiff and hang up without leaving a voicemail message.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to the following:

a)     Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

b)     Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

c)     Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message;

d)     Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message;

e)     Defendant violated *§1692e(10)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector as Defendant calls Plaintiff and hangs up without leave a voicemail message; and

f)     Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16.     Declaratory judgment that the Defendant's conduct violated the FDCPA.

17.     Actual damages.

18.     Statutory damages of $1000.00 pursuant to the FDCPA, 15 U.S.C. 1692k.

19.     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20.     Any other relief that this court deems to be just and proper.


                    RESPECTFULLY SUBMITTED,


                    By:  __/s/ Matthew Kiverts_____
                         Matthew Kiverts
                         Krohn & Moss, Ltd
                         120 W Madison St, 10th Floor
                         Chicago, IL 60602
                         Phone:  (312) 578-9428 ext. 203
                         Fax:     (866) 431-5576
                         Attorney for Plaintiff
                         FBN: 0013143


                    **DEMAND FOR JURY TRIAL**

        PLEASE TAKE NOTICE that Plaintiff, PAMELA BERMUDEZ hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, PAMELA BERMUDEZ, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PAMELA BERMUDEZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 01-29-10

_____
PAMELA BERMUDEZ,
Plaintiff